# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BUILDERS ASSOCIATION OF
METROPOLITAN PITTSBURGH,

    Plaintiff,

v.

CITY OF PITTSBURGH,
COREY LAYMAN, AICP, in his official capacity as Zoning Administrator of the City of Pittsburgh,
KAREN ABRAMS, in her official capacity as Director of City Planning of the City of Pittsburgh, and
SARAH KINTER in her official capacity as Director of Permits, Licenses, and Inspections of the City of Pittsburgh,

    Defendants.

## DECLARATION OF JAMES M. EICHENLAUB

1. I, James M. Eichenlaub, am over the age of 18 and competent to give testimony. I submit this Declaration for use in the above-styled case challenging the so-called inclusionary zoning ordinances adopted by the City Council of the City of Pittsburgh, § 907.04.A.1 (the "Ordinance").

2. I am the Executive Director of the Builders Association of Metropolitan Pittsburgh (BAMP). As such, it is part of my responsibilities to be familiar with the effects of legislation on BAMP members. I am familiar with, and attest to, the facts stated in the

Complaint and stated in this Declaration, concerning the effect of the Ordinance on members of BAMP.

3. BAMP has approximately 400 members in Pittsburgh and Western Pennsylvania, including builders and developers who own property within the areas of Pittsburgh affected by the Ordinance, as well as developers who plan to acquire such property. BAMP members also own and/or manage properties consisting of rental/dwelling units within the areas of Pittsburgh affected by the Ordinance.

4. The purposes of BAMP include representing the interests of its members on matters of public policy and legislation related to their respective industries, including regulations like those imposed by the Ordinance challenged by this lawsuit. The interests that BAMP seeks to protect by this lawsuit are germane to those purposes.

5. Many BAMP members are among the persons subject to the prohibitions and requirements of the Ordinance and, as such, would have standing to sue in their own right. More specifically, BAMP members include companies that build single-family and multi-family housing in the City of Pittsburgh and that are directly affected by the Ordinance (the "Affected BAMP Members").

6. One or more Affected BAMP Members have previously constructed projects, which they owned, consisting of twenty or more dwelling units in the City of Pittsburgh, including such project(s) in one or more of the areas subject to the Ordinance: (i) Lower, Central, and Upper Lawrenceville, (ii) Bloomfield, and (iii) Polish Hill (collectively, the "Subject Areas").

7. One or more Affected BAMP Members currently own and/or control real property in the Subject Areas, including property that is of sufficient size and zoning to permit the construction of twenty or more dwelling units (or sleeping rooms).

8. If the Ordinance were not in effect, then one or more Affected BAMP Members would construct project(s) consisting of twenty or more dwelling units on their property in the Subject Areas and would begin such projects in the next few months.

9. Because of the Ordinance, if Affected BAMP Members were to construct twenty or more dwelling units on their property in the Subject Areas, they would be subject to the terms of the Ordinance with respect to such dwelling units, and they would suffer the losses and harms described in the Complaint.

10. Because of the Ordinance, one or more Affected BAMP Members must choose between (i) proceeding with their planned construction projects on their property, in which case they will suffer the losses and harms described in the Complaint, and (ii) abandoning their planned construction projects in the Subject Areas, in which case they will suffer other losses and harms as the result thereof, including but not limited to loss of value to their property, loss of economic opportunity, and loss of profits.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

May __11__, 2022

Respectfully submitted,

*James M. Eichenlaub*
James M. Eichenlaub