# EXHIBIT E

Case 2:22-cv-00706-RJC    Document 31-5    Filed 08/15/22    Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF PITTSBURGH; *et al.*,<br><br>*Defendants*. | Civil Action<br><br>No. 2:22-cv-706-RJC<br><br>Judge Robert J. Colville |

## DECLARATION OF MEGAN CONFER-HAMMOND

Pursuant to 28 U.S.C. § 1746, I, Megan Confer-Hammond, hereby declare as follows:

1. I have personal knowledge of the matters stated herein and would testify to the same if called as a witness in Court.

2. I am over eighteen years of age and am otherwise competent to testify.

3. I am the Executive Director of the Fair Housing Partnership of Greater Pittsburgh.

4. The Fair Housing Partnership of Greater Pittsburgh ("FHP") is a full-service fair housing enforcement non-profit organization that ensures equal housing choice through education, fair housing analysis, enforcement actions, outreach, and community organizing in western Pennsylvania.

5. FHP is a qualified fair housing organization as defined by HUD's Fair Housing Initiatives Program. FHP advocates on behalf of victims of housing discrimination, raises awareness about the fair housing laws, and assists people with disabilities with requesting reasonable accommodations and/or reasonable modifications.

1

6. To promote affordable housing, FHP works to end racial segregation in housing. FHP identifies the quantifiable racial segregation in the Pittsburgh region and works to mandate municipal action aimed at desegregation that includes making affordable housing available in middle and high-income areas with substantial white populations.

7. To this end, FHP has been a constant advocate for inclusionary zoning ("IZ") in and around Pittsburgh. FHP participated in the Pittsburgh Commission on Human Relations' Affirmatively Furthering Fair Housing Task Force that produced policy recommendations in April 2019, which included a recommendation for "Robust Mandatory Inclusionary Zoning." FHP provided support to the community groups that were directly involved in developing and passing the Inclusionary Zoning Ordinance ("IZO") at issue in the litigation as a means to address the ongoing displacement of Black Pittsburghers. FHP also provided public comments in support of the IZO.

8. Overturning the IZO would directly frustrate FHP's mission of "ensuring equal housing choice." Obligated by its very mission, FHP is diverting the scarce resources the organization has to this litigation in order to defend the IZO because it serves as a critical tool for addressing racial segregation in FHP's service area. Should Plaintiff prevail in this litigation, it would create a legal precedent that would prevent the implementation of IZ throughout FHP's service area of western Pennsylvania and areas in Pennsylvania underserved by fair housing enforcement.

9. FHP's service area is quantifiably racially segregated, and made only more so by the current concentration of affordable housing within communities of color. The IZO is an important tool for desegregating Pittsburgh, and as such, FHP is diverting resources from its other important ongoing fair housing work to defend the ordinance.

10. Pittsburgh is losing Black residents as a result of displacement. The IZO is intended to curb this displacement. Invalidating the IZO would only accelerate displacement and would force FHP to divert further resources from its education, legal, outreach, and community organizing work to support displaced Pittsburghers and combat worsening segregation.

11. FHP's interests in advocating for municipalities to utilize local ordinances to promote fair housing would be seriously hampered if Plaintiff were to prevail in this litigation. The resulting precedent could undermine local land use decision-making and could be leveraged to prioritize policies and interests of developers over those of the community and its democratically elected officials.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed this __15__ day of August, 2022, in Pittsburgh, Pennsylvania.

_____
Megan Confer-Hammond