# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUILDERS ASSOCIATION OF<br>METROPOLITAN PITTSBURGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:22-CV-00706-RJC |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant City of Pittsburgh ("the City"), through undersigned counsel, submits the within Answer to the Complaint filed by Plaintiff Builders Association of Metropolitan Pittsburgh ("BAMP") and states as follows:

## INTRODUCTION[1]

1.      The first sentence of Paragraph 1 of the Complaint seeks to characterize the content of the Complaint, which is a writing that speaks for itself, and states conclusions of law. Thus, no response is required. The remainder of Paragraph 1 of the Complaint states conclusions of law to which no response is required. To the extent that a response is required, all of the following paragraphs of this Answer are incorporated by reference as if set forth fully herein to more fully respond to the summative nature of Paragraph 1 of the Complaint. By way of further response, the City denies that the "IZ-O, Inclusionary Housing Overlay District" section (the "IZ-O") of the City's Zoning Code (the "Zoning Code") is unconstitutional, illegal, or confiscatory or that it violates any state or federal law.

---

[1] For the sake of consistent organization, the City's Answer has maintained the headers used by the Complaint. However, the City expressly denies any allegation deemed to exist in these headers or in the organizational structure of the Complaint.

2.      Paragraph 2 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, all of the following paragraphs of this Answer are incorporated by reference as if set forth fully herein to more fully respond to the summative nature of Paragraph 2 of the Complaint.  By way of further response, the City denies that the IZ-O is unconstitutional, illegal, or confiscatory or that it violates any state or federal law.

3.      The first sentence of Paragraph 3 of the Complaint seeks to characterize the content of a writing which speaks for itself.  Thus, no response is required.  The remainder of Paragraph 3 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, all of the following paragraphs of this Answer are incorporated by reference as if set forth fully herein to more fully respond to the summative nature of Paragraph 3 of the Complaint.  By way of further response, the City denies that the IZ-O is unconstitutional, illegal, or confiscatory or that it violates any state or federal law.

4.      Paragraph 4 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that the IZ-O is unconstitutional, illegal, or confiscatory or that it violates any state or federal law.

**THE PARTIES**

5.      After reasonable investigation, the City lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that BAMP has standing or has asserted any ripe claims.

7.      Paragraph 7 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that BAMP has standing or has asserted any ripe claims.

8.      After reasonable investigation, the City lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of the first and second sentences of Paragraph 8 of the Complaint.  The City denies the allegation of the third sentence of Paragraph 8 of the Complaint that "[m]any BAMP members are among the persons subject to the prohibitions and requirements of the Ordinance" because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.  The allegation of the third sentence of Paragraph 8 that BAMP members "would have standing to sue in their own right" is a conclusion of law to which no response is required.  To the extent a response is required, the City denies that BAMP has standing or has asserted any ripe claims.

9.      After reasonable investigation, the City lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint states a conclusion of law to which no response is required.  To the extent that a response is required, the City denies that BAMP has standing or has asserted any ripe claims.  By way of further response, and with respect to BAMP's purported incorporation of the statements contained in the Declaration attached as Exhibit "A" to the Complaint, after reasonable investigation, the City lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements contained in the Declaration of James M. Eichenlaub.

11.      The first sentence of Paragraph 11 of the Complaint seeks to characterize the content of the Complaint, which is a writing that speaks for itself, and states conclusions of law.

Thus, no response is required.  The remainder of Paragraph 11 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that BAMP has standing or has asserted any ripe claims.

12.    After reasonable investigation, the City lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 12 of the Complaint. However, the City specifically denies any implication that BAMP or its members have a "substantial, direct and immediate interest in the action" because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

13.    The City admits the allegations of the first sentence of Paragraph 13 of the Complaint.  The second sentence of Paragraph 13 of the Complaint states conclusions of law to which no response is required.

14.    Pursuant to this Court's Order of April 3, 2023 (ECF No. 55), all claims asserted against Corey Layman were dismissed with prejudice.  Thus, no response is required to Paragraph 14 of the Complaint.

15.    Pursuant to this Court's Order of April 3, 2023 (ECF No. 55), all claims asserted against Karen Abrams were dismissed with prejudice.  Thus, no response is required to Paragraph 15 of the Complaint.

16.    Pursuant to this Court's Order of April 3, 2023 (ECF No. 55), all claims asserted against Sarah Kinter were dismissed with prejudice.  Thus, no response is required to Paragraph 16 of the Complaint.

17.    Admitted in part and denied in part.  The City admits that it intends to enforce the Zoning Code as it is required to do by law, and following established procedures and processes for the particularized analysis and application of all of the provisions of the City's Zoning Code,

including the IZ-O, based on the circumstances and conditions before it. The City denies that BAMP's members are persons or entities to whom the terms of the IZ-O apply, as the City is not aware of any BAMP member taking even the most preliminary steps to pursue land development subject to the IZ-O.

18.    Denied.

19.    Paragraph 19 of the Complaint states conclusions of law to which no response is required. To the extent that a response is required, after reasonable investigation, the City lacks knowledge or information as to the speculative allegations of purely hypothetical future actions alleged in Paragraph 19 of the Complaint. By way of further response, the City denies that BAMP has standing or has asserted any ripe claims.

## JURISDICTION AND VENUE

20.    Paragraph 20 of the Complaint states conclusions of law to which no response is required. To the extent that a response is required, the City denies that this action presents a live, ripe, and actual case or controversy arising under the Constitution and the laws of the United States for the reasons articulated in the City's Motion to Dismiss (EF No. 29), Brief in Support of Motion to Dismiss (ECF No. 30), and Reply in Further Support of Motion to Dismiss (ECF No. 48), which are incorporated by reference herein.

21.    Paragraph 21 of the Complaint seeks to characterize the content of the Complaint, which is a writing that speaks for itself, and states conclusions of law. Thus, no response is required. To the extent that a response is required, the City denies that IZ-O violates any federal or state law.

22.    Paragraph 22 of the Complaint seeks to characterize writings which speak for themselves and states conclusions of law. Thus, no response is required.

23.     Paragraph 23 of the Complaint seeks to characterize the content of the Complaint, which is a writing that speaks for itself, and states conclusions of law.  Thus, no response is required.

24.     Paragraph 24 of the Complaint states conclusions of law to which no response is required.

25.     Paragraph 25 of the Complaint states conclusions of law to which no response is required.

26.     Paragraph 26 of the Complaint states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that any claims have arisen in the Western District of Pennsylvania because BAMP lacks standing and has not asserted any ripe claims.

27.     Paragraph 27 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, BAMP has not satisfied requirements of standing or ripeness for the reasons articulated in the City's Motion to Dismiss (EF No. 29), Brief in Support of Motion to Dismiss (ECF No. 30), and Reply in Further Support of Motion to Dismiss (ECF No. 48).  By way of further response, BAMP has indeed failed to fulfill conditions precedent to bringing its claims because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

**FACTUAL ALLEGATIONS**

28.     After reasonable investigation, the City lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of the first sentence of Paragraph 28 of the Complaint because it fails to identify with particularity the "various actions taken by the Pittsburgh City Council and its Mayor between July 24, 2019, and May 2, 2022." The City admits

that it enacted the IZ-O within the Zoning Code, which is a writing that speaks for itself, and that Exhibit "B" is an accurate transcription of the text of the IZ-O.  Except as specifically admitted herein, all other allegations deemed to exist in Paragraph 28 of the Complaint are denied.

29.    The City admits that Exhibit "B" is an accurate transcription of the text of the IZ-O, which is a writing that speaks for itself.

30.    Paragraph 30 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

31.    Paragraph 31 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies the allegations of Paragraph 31.

32.    Paragraph 32 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

33.    Paragraph 33 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

34.    Paragraph 34 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

35.    Paragraph 35 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

36.    Paragraph 36 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

37.    Paragraph 37 and footnote 1 of the Complaint seek to characterize the terms of a writing which speaks for itself and state conclusions of law to which no response is required.

38.     Paragraph 38 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

39.     Denied.

40.     Paragraph 40 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

41.     Paragraph 41 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

42.     Paragraph 42 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

43.     Paragraph 43 of the Complaint and its sub-paragraphs seek to characterize the terms of a writing which speaks for itself and state conclusions of law to which no response is required. By way of further response, the City denies that the IZ-O deprives BAMP members of their property or otherwise imposes unlawful requirements on BAMP members because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

44.     Paragraph 44 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

45.     Paragraph 45 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

46.     Paragraph 46 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

47.     Paragraph 47 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

48.    Paragraph 48 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

**COUNT I**
**VIOLATION OF THE TAKINGS CLAUSE**
**OF THE UNITED STATES CONSTITUTION**

49.    Paragraph 49 of the Complaint is a paragraph of incorporation to which no response is required.  The foregoing and following paragraphs of this pleading are incorporated herein as though set forth in full.

50.    Paragraph 50 of the Complaint states conclusions of law to which no response is required.

51.    Paragraph 51 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

52.    Paragraph 52 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  By way of further response, the City denies that the IZ-O violates any state or federal law.

53.    Paragraph 53 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

54.    Paragraph 54 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

55.    Paragraph 55 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

56.    Paragraph 56 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

57.    Paragraph 57 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

58.    Paragraph 58 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

59.    Paragraph 59 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

60.    Paragraph 60 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  By way of further response, the City denies that the IZ-O has any impact on BAMP or its members because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

61.    Paragraph 61 of the Complaint and its sub-paragraphs seek to characterize the terms of a writing which speaks for itself and state conclusions of law to which no response is required.

62.    Paragraph 62 of the Complaint and its sub-paragraphs seek to characterize the terms of a writing which speaks for itself and state conclusions of law to which no response is required. By way of further response, the City disputes the applicability of the proposed "nexus and rough proportionality" standard to the IZ-O and, regardless, denies that the IZ-O does not satisfy this standard.  The City further specifically denies the allegation of sub-paragraph (g), as the Zoning Code contains procedures for a particularized analysis and application of its provisions, including the IZ-O, based on the circumstances and conditions of a specific property.

63.    Paragraph 63 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that the IZ-O has any impact on BAMP or its members

because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

64.    Paragraph 64 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that the IZ-O has any impact on BAMP or its members because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

65.    Paragraph 65 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

66.    Paragraph 66 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that the IZ-O has any impact on BAMP or its members because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

67.    Paragraph 67 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that the IZ-O has any impact on BAMP or its members because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

68.    Paragraph 68 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that the IZ-O has any impact on BAMP or its members

because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

      69.    Paragraph 69 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.  To the extent that a response is required, the City denies that BAMP or its members are entitled to a declaration because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O.

      70.    Paragraph 70 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

      71.    Paragraph 71 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

## COUNT II
## VIOLATION OF THE DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT

      72-78.  Pursuant to this Court's Order of April 3, 2023 (ECF No. 55), Count II of the Complaint was dismissed, and BAMP did not file an amended complaint by the Court's deadline of April 17, 2023.  Thus, no response is required or made with regard to the dismissed Count II and Paragraphs 72-78 of the Complaint.

## COUNT III
## VIOLATION OF THE HOME RULE LAW
## AND THE PENNSYLVANIA CONSTITUTION, ARTICLE IX, SECTION 2

      79.    Paragraph 79 of the Complaint is a paragraph of incorporation to which no response is required.  The foregoing and following paragraphs of this pleading are incorporated herein as though set forth in full.

80.    The City admits it is a home rule municipality.  The remaining averments of Paragraph 80 of the Complaint state conclusions of law to which no response is required.

81.    Paragraph 81 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

82.    Paragraph 82 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

83.    Paragraph 83 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

84.    Paragraph 84 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

85.    Paragraph 85 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

86.    Paragraph 86 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

87.    Paragraph 87 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

88.    Paragraph 88 of the Complaint seeks to characterize the terms of a writing which speaks for itself and states conclusions of law to which no response is required.

89.    Paragraph 89 of the Complaint states conclusions of law to which no response is required.

90.    Paragraph 90 of the Complaint states conclusions of law to which no response is required.

91.     Paragraph 91 of the Complaint states conclusions of law to which no response is required.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA CONSTITUTION,**
**<u>ARTICLE VIII, SECTION 2</u>**

92-97.  Pursuant to this Court's Order of April 3, 2023 (ECF No. 55), Count IV of the Complaint was dismissed, and BAMP did not file an amended complaint by the Court's deadline of April 17, 2023.  Thus, no response is required or made with regard to the dismissed Count IV and Paragraphs 92-97 of the Complaint.

**RESPONSE TO REQUEST FOR RELIEF**

The "Request for Relief" on pages 23–24 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, the City denies any factual allegations deemed to exist within this section of the Complaint and respectfully requests that this Honorable Court deny the relief sought by BAMP, rule and enter judgment in the City's favor and against BAMP, and grant any other relief this Court deems just and proper.

**<u>AFFIRMATIVE DEFENSES</u>**

1.      The City incorporates its Answers to the Complaint as if the same were fully set forth herein.

2.      The City denies all allegations of the Complaint unless expressly admitted.

3.      The Complaint fails to state a claim upon which relief can be granted.

4.      This Court lacks subject matter jurisdiction over any of the claims asserted in the Complaint because BAMP's claims are not ripe and BAMP lacks standing, as discussed in the City's Motion to Dismiss (EF No. 29), Brief in Support of Motion to Dismiss (ECF No. 30), and

Reply in Further Support of Motion to Dismiss (ECF No. 48), which are incorporated by reference herein.

5.    Alternatively, this Court should dismiss all of BAMP's claims on prudential grounds because BAMP's claims are not ripe and BAMP lacks standing, as discussed in the City's Motion to Dismiss (EF No. 29), Brief in Support of Motion to Dismiss (ECF No. 30), and Reply in Further Support of Motion to Dismiss (ECF No. 48), which are incorporated by reference herein.

6.    The Complaint fails to allege a facial challenge to the IZ-O because, *inter alia*, no member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O and the City has not been given the opportunity to engage in a particularized analysis and application of all of the provisions of the City's Zoning Code to any property subject to the IZ-O.

7.    BAMP lacks associational standing and, thus, this Court lacks subject matter jurisdiction over any of the claims asserted in the Complaint.

8.    BAMP's members have suffered no actual or imminent harm because, *inter alia*, they have not applied for, let alone been denied approval of, any request pertaining to the use of land covered by the IZ-O.  BAMP's claims improperly ask this Court to preemptively adjudicate purely speculative alleged harm before any decision by the City on how, if at all, the IZ-O might apply to a particular BAMP member's property.

9.    No member of BAMP has taken even the most preliminary steps to pursue land development subject to the IZ-O where multi-family housing would be permitted or applied, let alone been denied, approval of a Site Plan or Project Development Plan, certificate of occupancy, special exception, variance, or any permit, certificate or requirement of the Zoning Code.

10.    The IZ-O and the Zoning Code do not violate the U.S. Constitution or the Pennsylvania Constitution, either facially or as applied, under BAMP's proffered "nexus" and

"rough proportionality" test, the *Penn Central* test, any of the regulatory takings standards, or any other level of constitutional scrutiny or test which this Court may apply.

11.    The Complaint does not allege, and BAMP cannot establish, a predicate constitutional violation to support its unconstitutional conditions claim.

12.    The enactment of the IZ-O falls well within the City's zoning authority and police powers, and neither the Pennsylvania Constitution, nor the Home Rule Law contains any provision that restricts the City's authority to enact the IZ-O, as discussed in the City's Motion to Dismiss (EF No. 29), Brief in Support of Motion to Dismiss (ECF No. 30), and Reply in Further Support of Motion to Dismiss (ECF No. 48), which are incorporated by reference herein.

13.    The City reserves all other defenses available under the Federal Rules of Civil Procedure, or at law and in equity, that now exist or in the future may be available based upon discovery and further factual investigation in this case.


Date: May 8, 2023                              Respectfully submitted,

                                               By: */s/ Chad I. Michaelson*
                                                   Chad I. Michaelson
                                                   Pa. I.D. No. 88725
                                                   cim@muslaw.com
                                                   Kevin F. McKeegan
                                                   Pa. ID No. 36642
                                                   kfm@muslaw.com
                                                   Andrea Geraghty
                                                   Pa. ID No. 38525
                                                   ag@muslaw.com
                                                   Joseph A. Carroll
                                                   Pa. I.D. No. 324373
                                                   jac@muslaw.com
                                                   MEYER, UNKOVIC & SCOTT LLP
                                                   535 Smithfield Street, Suite 1300
                                                   Pittsburgh, PA  15222-2315
                                                   (412) 456-2800 (Phone)
                                                   (412) 456-2864 (Fax)

Krysia Kubiak
Pa. I.D. No. 90619
krysia.kubiak@pittsburghpa.gov
Hillary M. Weaver
Pa. I.D. No. 322545
hillary.weaver@pittsburghpa.gov
CITY OF PITTSBURGH
Department of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
412-255-2613 (phone)
412-255-2285 (fax)

*Attorneys for Defendant City of Pittsburgh*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the within **ANSWER** was filed electronically on May 8, 2023.  Notice of this filing will be sent to all counsel of record via the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  Parties may access this filing through the Court's ECF system.

MEYER, UNKOVIC & SCOTT LLP


By:*/s/ Chad I. Michaelson*
    Chad I. Michaelson
    *Attorney for Defendant City of Pittsburgh*