UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PITTSBURGH, <br><br> Defendant. | Case No. 2:22-cv-706 |

## PLAINTIFF BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH'S RESPONSES AND OBJECTIONS TO DEFENDANT THE CITY OF PITTSBURGH'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Plaintiff, Builders Association of Metropolitan Pittsburgh ("BAMP"), through counsel, serves the following Responses and Objections to Defendant's, the City of Pittsburgh's, Requests for Admissions, Interrogatories, and Requests for the Production of Documents Directed to BAMP.

### REQUESTS FOR ADMISSIONS

1. Admit that no member of BAMP has applied to the City's Zoning Board of Adjustment for a variance, special exception, or any other relief from the provisions of the IZ-O or the Ordinances challenged in the First Amended Complaint.

_____ADMIT          _____DENY

**ANSWER:** BAMP has over 400 members currently. BAMP has made reasonable inquiry by reviewing its records. The information BAMP knows or can readily obtain is insufficient to enable it to admit or deny this request, because in order to admit or deny this request BAMP would need to solicit information from over 400 members. By way of further answer, the issue of whether a BAMP member has applied for a variance, special exception or other relief is irrelevant because: (1) the ordinances challenged in this case apply regardless of a variance or special exception; and (2) variances and special exceptions are determined by a separate quasi-judicial agency whose determinations are not relevant to the applicability of the ordinances

1

**Exhibit L**

challenged.

2. Admit that the City has not denied a request from any member of BAMP for a variance, special exception, or any other relief from the provisions of the IZ-O or the Ordinances challenged in the First Amended Complaint.

_____ADMIT  _____DENY

**ANSWER:** BAMP has over 400 members currently. BAMP has made reasonable inquiry by reviewing its records. The information BAMP knows or can readily obtain is insufficient to enable it to admit or deny this request, because in order to admit or deny this request BAMP would need to solicit information from over 400 members. By way of further answer, the issue of whether a BAMP member has applied for a variance, special exception or other relief is irrelevant because: (1) the ordinances challenged in this case apply regardless of a variance or special exception; and (2) the City is not the quasi-judicial agency charged with the duty of deciding variances or special exceptions.

3. Admit that no member of BAMP, excluding Werrin, has submitted a Site Plan or Project Development Plan to the Department of City Planning for a project within the areas covered by the IZ-O which involves the "[n]ew construction or Substantial Improvement" of buildings with "twenty (20) or more dwelling units" or "twenty (20) or more sleeping rooms."

_____ADMIT  _____DENY

**ANSWER:** BAMP has over 400 members currently. BAMP has made reasonable inquiry by reviewing its records. The information BAMP knows or can readily obtain is insufficient to enable it to admit or deny this request, because in order to admit or deny this request BAMP would need to solicit information from over 400 members. By way of further answer, multiple members of BAMP, including an affiliate of Walnut Capital, own real property with the UC-E Zoning District, which makes the challenged ordinances applicable.

## INTERROGATORIES

1. Identify all BAMP members from 2019 through present, including the range(s) of time during which they were/are members.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. The Ordinances in question in this case were not enacted until 2022 and 2023, and no member of BAMP was subject to them until then. Furthermore, BAMP objects to this interrogatory as irrelevant in that not all members of BAMP are

2

engaged in activity that would be subject to the Ordinances in question, as stated in its Complaint. *See* Complaint, ¶ 8. Finally, BAMP objects to this interrogatory as it violates the rights of privacy and free association of the members of BAMP, particularly members that are not engaged in any activity that would be subject to the ordinances in question. The risk to their rights of privacy and free association far outweigh the value to the City of discovering every member of BAMP. Without waiving the foregoing objection, and subject to a confidentiality agreement, BAMP is producing two (2) excel spreadsheets titled "Associate Members 2024" and "Builder Members 2024" which identify all BAMP members as of April 5, 2024

2. Identify all BAMP members who BAMP alleges "would otherwise have standing to sue in their own right" pursuant to Paragraph 7 of the First Amended Complaint.

**OBJECTION.** BAMP objects to this interrogatory because it poses a hypothetical question and, as such, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAMP further objects to this interrogatory as it calls for BAMP to make a legal conclusion. Without waiving the foregoing objections, BAMP suggests that anyone who has an interest in real property within the City of Pittsburgh has standing to sue in their own right and numerous members of BAMP own real property within the City, in the areas affected by the challenged ordinances, which are capable of developing more than twenty (20) units.

3. Identify the addresses of all "propert[ies] within the areas of Pittsburgh affected by the Ordinances" owned or managed by BAMP members as alleged in Paragraph 8 of the First Amended Complaint, including:

   (a) a description of how the property is currently being used;

   (b) all steps taken to develop each property such that it would involve "[n]ew construction or Substantial Improvement" of buildings with "twenty (20) or more dwelling units" or "twenty (20) or more sleeping rooms" since 2019; and

   (c) all applications submitted to the City related to the actions identified in response to sub-part (b).

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. BAMP has over 400 members and did not solicit information from each one of those members prior to filing this action. By way of further answer: (1) the City has records within its possession regarding subpart (c); and (2) based on information and belief, Laurel Communities has real property under agreement in Polish Hill and Lawrenceville that is affected by the challenged ordinances.

3

4. Identify all BAMP members who are "developers who plan to acquire such property" as alleged in Paragraph 8 of the First Amended Complaint, including the location of each property to be acquired and any steps taken to do so.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. BAMP has over 400 members and did not solicit information from each one of those members prior to filing this action.

5. Identify all of the "[o]ne or more Affected BAMP Members [who] currently own and/or control real property in the Subject Areas . . . that is of sufficient size and zoning to permit the construction of twenty or more dwelling units (or sleeping rooms)" as alleged in Paragraph 7 of James M. Eichenlaub's Declaration, which is attached as Exhibit A to the First Amended Complaint, including the address of each such property and all steps taken to develop such property.

**ANSWER:** Affiliates of the following:
1. Continental
2. McKinney properties
3. Dr. Werrin
4. Walnut Capital
5. Laurel Communities
6. Paramount construction

*This list is not exhaustive and BAMP is not able to identify "all steps taken to develop such property" because BAMP did not poll or consult with these, or other, members prior to answering this discovery.

6. Identify all of the "one or more Affected BAMP Members [who] would construct project(s) consisting of twenty or more dwelling units on their property in the Subject Areas and would begin such projects in the next few months" if the "Ordinance" were not in effect, as alleged in Paragraph 8 of James M. Eichenlaub's Declaration, which is attached as Exhibit A to the First Amended Complaint, including the address of each such property and all steps taking to develop such property.

4

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. This interrogatory asks BAMP to generate a hypothetical list of members and/or properties, which have not yet been acquired by any member. BAMP has over 400 members, each of whom operate independently of one another. BAMP further objects to this interrogatory as not reasonably likely to lead to the discovery of admissible evidence given it requests a hypothetical list of members and properties. BAMP objects to this interrogatory as its language is contradictory. It asks to generate a hypothetical list of members and/or properties and also asks for all steps taken to develop these hypothetical properties. BAMP cannot fully respond to this interrogatory in its current form.

7. Identify all officers, directors, and/or managers of BAMP from 2019 to the present, including their title and responsibilities in that role.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. The Ordinances in question in this case were not enacted until 2022 and 2023, and no member of BAMP was subject to them until then. Without waiving the foregoing objection, and subject to a confidentiality agreement, BAMP is producing a copy of the Form 990 that it filed with the Internal Revenue Service for tax year 2022 because this Form 990 identifies all of the officers and directors of BAMP as of November 14, 2023. See .pdf file titled "BAMP 2022 990".

8. With the exception any attorneys' fees and costs, quantify all amounts that BAMP members have allegedly expended to comply with the IZ-O or the Ordinances on a property-by-property basis, identifying the BAMP member who owns each property for which such an expenditure has been made. Produce all supporting documents.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. BAMP has over 400 members and did not solicit information from each one of those members prior to filing this action.

9. Identify every e-mail address, phone number, or social media account BAMP and its members have used to communicate information related to allegations of the First Amended Complaint.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. BAMP has over 400 members and did not solicit information from each one of those members prior to filing this action. BAMP objects to this interrogatory as it requests that private citizens divulge confidential information regarding their private phone numbers, email accounts, and social media accounts. Without waiving

the foregoing objection, BAMP's email address domain is "pghhomebuilders.com"; its phone number is 412-434-5690; its facebook username is "buildersassociationofmetropolitanpittsburgh"; its X (twitter) name is @pghhomebuilders; its instagram profile is "buildersassocofmetropgh".

10. Identify all persons, other than counsel, who have knowledge of any facts alleged in the First Amended Complaint.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. BAMP cannot provide a list of all persons who have knowledge of any of the facts alleged in its Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents requested in, identified in, referred to, or utilized in any manner in responding to the foregoing Requests for Admissions or Interrogatories.

**RESPONSE:** See attached documents.

2. Produce BAMP's certificate of organization, articles of organization, charter, operating agreement, bylaws, certificates of membership, or any similar documents reflecting the creation/organization of BAMP and its operation, including any amendments since 2019.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. The Ordinances in question in this case were not enacted until 2022 and 2023, and no member of BAMP was subject to them until then. Without waiving the foregoing objection, BAMP is producing its Charter and related documents (See .pdf file titled "BAMP Corporate Documents") and is producing its Bylaws (See .doc file titled "BAMP By Laws as amended October 2022").

3. Produce all documents related to ownership of or property interests in the properties "within the areas of Pittsburgh affected by the Ordinances" as alleged in Paragraph 8 of the First Amended Complaint.

**OBJECTION.** BAMP objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case regarding standing. BAMP has over 400 members and did not solicit information from each one of those members prior to filing this action. Without waiving the foregoing objection, BAMP subscribes to a third party permit tracking service operated by Tall Timber Group (TTG) and BAMP is sharing five (5) excel spreadsheets from TTG that report building permits issued by the City. See excel spreadsheets titled: "2019 MF permits"; "2020 MF permits"; "2021 MF permits"; "2022 house (2)"; and "2023 house (1)".

4. Provide all documents and communications relating to (a) the IZ-O or the Ordinances, (b) properties allegedly subject to the IZ-O or the Ordinances, (c) development plans affected by the IZ-O or the Ordinances, or (d) any applications to the City affected by the IZ-O or the Ordinances, including, but not limited to, communications with BAMP members or the media.

**RESPONSE:** See the following files:
(1) BAMP National Media List.xls
(2) three (3) .pdf files titled "BAMP v. City of Pittsburgh inclusionary zoning . . ." and one (1) .pdf file titled "WSJ OP ED How Not to Build …"
(3) Jim E Public Hearing comments inclusionary zoning.docx

5. Produce all documents related to any development plans for the properties referenced in Paragraph 8 of the First Amended Complaint or identified in responses to any of these Requests.

**RESPONSE:** See .pdf file "3506 Fifth Avenue".

6. Produce all documents related to any anticipated or requested variance from the provisions of the IZ-O or the Ordinances challenged in the First Amended Complaint for the properties referenced in Paragraph 8 of the First Amended Complaint.

**RESPONSE:** none.

7. Produce all documents and communication related to the planned development of the Werrin properties as disclosed in the pre-application meeting that occurred on January 29, 2024.

**RESPONSE:** See .pdf file "3506 Fifth Avenue".

8. Produce all documents referenced or reviewed by James M Eichenlaub when drafting, revising, or reviewing his Declaration attached to the First Amended Complaint as Exhibit A.

**RESPONSE:** none.

9. Produce all documents which make the assertions in James M. Eichenlaub's Declaration, which was attached to the First Amended Complaint as Exhibit A, more or less likely to be true.

**OBJECTION.** BAMP objects to this interrogatory as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case regarding standing. It is unclear to which documents the City is referring that would "make" the assertions in Mr. Eichenlaub's declaration. There are so many assertions in the affidavit (e.g. "over the age of 18," "I am the Executive Director," "BAMP members include companies," "previously constructed projects") that the universe of documents that make those assertions more likely to be true is vast and disproportionate to the needs of this case.

10. Produce all documents related to payments, expenditures, or financial losses, aside from attorneys' fees and costs, allegedly incurred because of or resulting from the IZ-O or the Ordinances.

**RESPONSE:** none.

11. Produce all documents that BAMP intends to use to show that this Court has subject matter jurisdiction over the claims asserted in the First Amended Complaint.

**RESPONSE:** BAMP has not yet decided whether it will use documents in an effort to show that the Court has jurisdiction.

Date: April 10, 2024

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

*[signature]*

Richard J. Cromer, Esq.
PA ID No. 79214
David V. Weicht, Esq.
PA ID No. 65191
Alexander Y. Wilkinson, Esq.
PA ID No. 329435

8

525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, | ) ) ) ) | Case No. 2:22-cv-706 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CITY OF PITTSBURGH, | ) ) ) | |
| Defendant. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, a true and correct copy of the foregoing *Responses and Objections to Defendant's Requests for Admissions, Interrogatories, and Requests for the Production of Documents* was served via electronic mail to the following:

Chad I. Michaelson, Esq.
Kevin F. McKeegan, Esq.
Andrea Geraghty, Esq.
Joseph A. Carroll, Esq.
MEYER UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
cim@muslaw.com
kfm@muslaw.com
ag@muslaw.com
jac@muslaw.com
*Counsel for the City of Pittsburgh*

Krysia Kubiak, Esq.
Hillary M. Weaver, Esq.
CITY OF PITTSBURGH
Department of Law
krysta.kubiak@pittsburghpa.gov
hillary.weaver@pittsburghpa.gov
*Counsel for the City of Pittsburgh*

_(signature)_

Richard J. Cromer, Esq.
PA ID No. 79214
David V. Weicht, Esq.
PA ID No. 65191
Alexander Y. Wilkinson, Esq.
PA ID No. 329435
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600

*Counsel for Plaintiffs*