UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PITTSBURGH, <br><br> Defendant. | Case No. 2:22-cv-706 |

## PLAINTIFF S. RAND WERRIN'S RESPONSES AND OBJECTIONS TO DEFENDANT THE CITY OF PITTSBURGH'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF S. RAND WERRIN

Plaintiff, S. Rand Werrin ("Dr. Werrin"), through counsel, serves the following Responses and Objections to Defendant's, the City of Pittsburgh's, Requests for Admissions, Interrogatories, and Requests for the Production of Documents Directed to S. Rand Werrin.

### REQUESTS FOR ADMISSIONS

1. Admit that Werrin has not applied to the City's Zoning Board of Adjustment for a variance, a special exception, or any other relief from the provisions of the IZ-O or the Ordinances challenged in the First Amended Complaint.

    __X__ ADMIT          _____ DENY

2. Admit that the City has not denied a request from Werrin for a variance, special exception, or any other relief from the provisions of the IZ-O or the Ordinances challenged in the First Amended Complaint.

    __X__ ADMIT          _____ DENY

Exhibit M

3. Admit that 3504 Fifth Avenue, LLC—not Werrin—is the property owner of the real property located at 3504 Fifth Avenue, Pittsburgh, Pennsylvania 15213.

_____ADMIT   __X__DENY

By way of qualifying the answer, the term "owner" is ambiguous and reasonably susceptible to multiple interpretations. Dr. Werrin admits he is not the legal title holder to the real property located at 3504 Fifth Avenue. Dr. Werrin states that he is a member of 3504 Fifth Avenue, LLC, and, as such, is entitled to claim relief regarding this property.

4. Admit that the Robert W. Erickson Trust—not Werrin—is the property owner of the real property located at 3508 Fifth Avenue, Pittsburgh, Pennsylvania 15213.

_____ADMIT   __X__DENY

By way of qualifying the answer, the term "owner" is ambiguous and reasonably susceptible to multiple interpretations. Dr. Werrin admits he is not the legal title holder to the real property located at 3508 Fifth Avenue. Dr. Werrin answers further that the Robert V. Erickson Trust is the legal title holder of the real property located at 3508 Fifth Avenue, Pittsburgh, PA 15213 and Dr. Werrin has an agreement with the Robert V. Erickson Trust to develop the property which makes Dr. Werrin a beneficial owner of the real property..

5. Admit that John W. Gruendel, Jr. and Werrin—not Werrin alone—are the property owners of the real property located at 3506 Fifth Avenue, Pittsburgh, Pennsylvania 15213.

__X__ADMIT   _____DENY

6. Admit that Werrin did not submit an application to the City related to the development of any of the properties identified in Paragraph 14 of the First Amended Complaint until December 2023.

__X__ADMIT   _____DENY

By way of qualifying the answer, Dr. Werrin submitted a pre-application to the City to develop the properties.

7. Admit that the preliminary plan submitted by Werrin for the development of the properties identified in Paragraph 14 of the First Amended Complaint proposes a building with a height of 210 feet.

    __X__ ADMIT                       _____ DENY

8. Admit that the properties allegedly identified in Paragraph 14 of the First Amended Complaint fall within the UC-E Urban Center Employment Zoning District under Zoning Code, § 904.09.

    __X__ ADMIT                       _____ DENY

## INTERROGATORIES

1. Provide the date range(s) during which Werrin has been a member of BAMP, including the exact date when Werrin first became a member of BAMP.

**ANSWER:** Dr. Werrin first became a BAMP member in October 2023.

2. With respect to the properties identified in Paragraph 14 of the First Amended Complaint:

    (a) Detail Werrin's ownership interest in each property;

    (b) Describe the current use of each property; and

    (c) Describe all steps Werrin has taken to "develop, or to sell for development" the properties (as alleged in Paragraph 45 of the First Amended Complaint.).

**ANSWER:** The property located at 3504 5th Avenue, Pittsburgh, PA 15213 is owned by 3504 Fifth Avenue, LLC, which is an entity of which Dr. Werrin is a member. This property is currently being used for residential purposes. Dr. Werrin sought to develop this property in conjunction with 3506 5th Avenue, Pittsburgh, PA 15213; 3508 5th Avenue, Pittsburgh, PA 15213; and 3510 5th Avenue, Pittsburgh, PA 15213. Dr. Werrin sought to develop these properties for residential mixed-use and, to this end he hired Bob Kelly to assist with the development, he negotiated with Wilmorite Construction, LLC to develop the properties and exchanged Purchase and Sale Agreements with Wilmorite Construction, LLC. The Purchase and Sale Agreements were never signed by all parties. Dr. Werrin also submitted a pre application to the City.

The property located at 3506 5th Avenue, Pittsburgh, PA 15213 is owned by John W. Gruendel, Jr. and Dr. Werrin. The property is currently mixed use residential and doctor offices Dr. Werrin sought to develop this property in conjunction with 3504 5th Avenue, Pittsburgh, PA 15213; 3508 5th Avenue, Pittsburgh, PA 15213; and 3510 5th Avenue, Pittsburgh, PA 15213. Dr. Werrin sought to develop these properties for residential mixed-use and, to this end he hired Bob Kelly to assist with the development, he negotiated with Wilmorite Construction, LLC to develop the properties and exchanged Purchase and Sale Agreements with Wilmorite Construction, LLC. The Purchase and Sale Agreements were never signed by all parties. Dr. Werrin also submitted a pre application to the City.

The property located at 3508 5th Avenue, Pittsburgh, PA 15213 is owned by the Robert V. Erickson Trust. The property is currently being used for commercial purposes as an office building. Dr. Werrin sought to develop this property in conjunction with 3504 5th Avenue, Pittsburgh, PA 15213; 3506 5th Avenue, Pittsburgh, PA 15213; and 3510 5th Avenue, Pittsburgh, PA 15213. Dr. Werrin sought to develop these properties for residential mixed-use and, to this end he hired Bob Kelly to assist with the development, he negotiated with Wilmorite Construction, LLC to develop the

properties and exchanged Purchase and Sale Agreements with Wilmorite Construction, LLC. The Purchase and Sale Agreements were never signed by all parties. Dr. Werrin also submitted a pre application to the City.

The property located at 3510 5th Avenue, Pittsburgh, PA 15213 is owned by Dr. Werrin. The property is currently being used for residential purposes. Dr. Werrin sought to develop this property in conjunction with 3504 5th Avenue, Pittsburgh, PA 15213; 3506 5th Avenue, Pittsburgh, PA 15213; and 3508 5th Avenue, Pittsburgh, PA 15213. Dr. Werrin sought to develop these properties for residential mixed-use and, to this end he hired Bob Kelly to assist with the development, he negotiated with Wilmorite Construction, LLC to develop the properties and exchanged Purchase and Sale Agreements with Wilmorite Construction, LLC. The Purchase and Sale Agreements were never signed by all parties. Dr. Werrin also submitted a pre application to the City.

3. Identify any persons or entities with knowledge of the development of the plans for the Werrin Properties that were submitted to the City's Department of City Planning.

**ANSWER:** The parties to this case and counsel for the parties in this case.

4. Describe the actions Werrin took to "secure[] interest to develop the Werrin Properties prior to the passage of Ordinance 2022-0592" as alleged in Paragraph 48 of the First Amended Complaint, including, but not limited to, the identity of any person(s) or entities whose "interest" had been secured. Produce all documents related thereto.

**ANSWER**: Dr. Werrin made agreements with the owners and co-owners of the Werrin Properties to develop the properties. Dr. Werrin hired Bob Kelly to assist in the development of the Werrin Properties. Dr. Werrin negotiated with Wilmorite Construction, LLC and exchanged Purchase and Sale Agreements with Wilmorite Construction, LLC that were never signed by all parties.

5. Describe all efforts that Werrin has made to "reach an agreement to sell and/or develop the Werrin Properties" as alleged in Paragraph 49 of the First Amended Complaint; and identify all persons or entities with which Werrin has communicated in an effort to "reach an agreement to sell and/or develop the Werrin Properties" as alleged in the same paragraph. Produce all documents related thereto, including all communications.

**ANSWER**: Dr. Werrin made agreements with the owners and co-owners of the Werrin Properties

to develop the properties. Dr. Werrin hired Bob Kelly to assist in the development of the Werrin Properties. Dr. Werrin negotiated with Wilmorite Construction, LLC and exchanged Purchase and Sale Agreements with Wilmorite Construction, LLC that were never signed by all parties.

6. With the exception of any attorneys' fees or costs, quantify all amounts that Werrin has allegedly expended to comply with the IZ-O or the Ordinances on a property-by-property basis. Produce all supporting documents.

**ANSWER**: Dr. Werrin paid a $250.00 filing fee to the City.

7. Identify every e-mail address, phone number, or social media account Werrin has used to communicate information related to allegations of the First Amended Complaint.

**ANSWER**: srwerrin@gmail.com; 412-980-6510.

8. Identify all persons with knowledge of any facts alleged in the First Amended Complaint.

**OBJECTION.** Dr. Werrin objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case regarding standing. Dr. Werrin cannot provide a list of all persons who have knowledge of any of the facts alleged in the First Amended Complaint.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents requested in, identified in, referred to, or used in any manner in responding to the foregoing Requests for Admissions or Interrogatories.

**RESPONSE:** See the documents attached hereto and bates stamped Werrin00001-00154.

2. Produce all documents related to the ownership of or property interests in the Werrin Properties.

**RESPONSE:** BAMP objects to this interrogatory as overbroad, unduly burdensome, and

disproportionate to the needs of the case regarding standing.

3. Produce all documents and communications relating to (a) the IZ-O or the Ordinances, (b) properties allegedly subject to the IZ-O or the Ordinances, (c) development plans affected by the IZ-O or the Ordinances, or (d) any applications to the City affected by the IZ-O or the Ordinances, including, but not limited to, communications with BAMP, BAMP members, or the media.

**RESPONSE:** See the documents attached hereto and bates stamped Werrin00001-00154.

4. Produce all documents related to any development plans for the properties identified in Paragraph 14 of the First Amended Complaint, including, but not limited to, documents related to any anticipated or requested variance from the provisions of the IZ-O or the Ordinances challenged in the First Amended Complaint for the properties identified in Paragraph 14 of the First Amended Complaint and all communications related to the pre-application meeting for the Werrin Properties that occurred on January 29, 2024.

**RESPONSE:** See the documents attached hereto and bates stamped Werrin00001-00154.

5. Produce all documents related to payments, expenditures, or other financial losses, aside from attorneys' fees and costs, allegedly incurred because of or resulting from the IZ-O or the Ordinances.

**RESPONSE:** none, other than documents related to the $250.00 filing fee for the pre-application paid to the City.

6. Produce all documents that Werrin intends to use to show that this Court has subject matter jurisdiction over the claims asserted in the First Amended Complaint.

**RESPONSE:** Dr. Werrin has not yet decided whether he will use documents in an effort to show that the Court has jurisdiction.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Date: April 10, 2024

*[signature]*

Richard J. Cromer, Esq.
PA ID No. 79214
David V. Weicht, Esq.
PA ID No. 65191
Alexander Y. Wilkinson, Esq.
PA ID No. 329435
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, | ) ) ) ) | Case No. 2:22-cv-706 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| CITY OF PITTSBURGH, | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, a true and correct copy of the foregoing *Responses and Objections to Defendant's Requests for Admissions, Interrogatories, and Requests for the Production of Documents* was served via electronic mail to the following:

Chad I. Michaelson, Esq.
Kevin F. McKeegan, Esq.
Andrea Geraghty, Esq.
Joseph A. Carroll, Esq.
MEYER UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
cim@muslaw.com
kfm@muslaw.com
ag@muslaw.com
jac@muslaw.com
*Counsel for the City of Pittsburgh*

Krysia Kubiak, Esq.
Hillary M. Weaver, Esq.
CITY OF PITTSBURGH
Department of Law
krysta.kubiak@pittsburghpa.gov
hillary.weaver@pittsburghpa.gov
*Counsel for the City of Pittsburgh*

Richard J. Cromer, Esq.
PA ID No. 79214
David V. Weicht, Esq.
PA ID No. 65191
Alexander Y. Wilkinson, Esq.
PA ID No. 329435
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600

*Counsel for Plaintiffs*