# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PITTSBURGH, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 2:22-CV-00706-RJC |

**PLAINTIFFS' SURREPLY IN FURTHER SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

AND NOW, come Plaintiffs, Builders Association of Metropolitan Pittsburgh ("BAMP") and S. Rand Werrin ("Dr. Werrin", and together with BAMP, the "Plaintiffs"), by counsel, and file this Surreply to the Reply Brief in Support of Motion to Dismiss (the "Reply Brief")(ECF No. 113) filed by Defendant, the City of Pittsburgh ("City" or "Defendant"), as follows:

**I.   INTRODUCTION**

Defendant filed its Reply Brief on November 7, 2024, alleging therein that certain entities are not members of BAMP and that certain affidavits submitted by Plaintiffs in support of standing should be disregarded by the Court. Plaintiffs submit this Surreply to address this limited issue. As set forth below, 1.) S. Rand Werrin, 2.) Walnut Capital, and it's affiliate/subsidiary entities Pitt Blue Holdings, LP and Walnut Capital – McKee, LP, and 3.) Laurel Communities, LLC are all members of BAMP.

## II. ARGUMENT

Defendant argues in its Reply Brief that certain affiliate entities of Walnut Capital and Laurel Development do not have standing, cannot establish BAMP's associational standing, and have submitted affidavits that must be disregarded. *See* Reply Brief, p.2. However, and as set forth in Plaintiffs' Response in Opposition to Motion to Dismiss, all of these entities are members of BAMP.

James M. Eichenlaub, the Executive Director of BAMP, explained in his deposition testimony that BAMP does not require each subsidiary or affiliate entities of named BAMP members to maintain separate membership with BAMP, "We don't require each of those individual subsidiary development names to be a member of it. We recognize as the – as Eddy Homes or, in this instance, Walnut Capital, as the member…But we don't require each of the entities that they own to become a member of the Association. We recognize the main company as the investing company, as the one who's managing those developments and invested in those specific developments that are titled under, you know, a different LLC. That's standard around the industry." Eichenlaub Deposition Transc., 49:22 - 50:14.

Here, Pitt Blue Holdings, LP, Walnut Capital – McKee, LP and Laurel Communities, LLC, are affiliates/subsidiary entities of Walnut Capital and Laurel Development, respectively, which are both identified on the list of BAMP members attached to the Reply Brief as Exhibit R.

Contrary to Defendant's assertions in the Reply Brief, the fact that BAMP does not require affiliate/subsidiary entities of BAMP members to maintain separate membership with BAMP was disclosed in discovery, as evidenced by Mr. Eichenlaub's testimony above.

Defendant attempts to confuse the issue by referencing the "Affiliate Member" category recognized by BAMP; however, the clear language in the BAMP Bylaws quoted in Defendant's

Reply Brief shows that this category of membership is extended to "any *individual* who is an *employee* of a firm or corporation who is a member" (Reply Brief, Footnote 2, p.4)[emphasis added]. This is not relevant to the affiliate/subsidiary corporate entities at issue here, who are recognized as members of BAMP as stated by Mr. Eichenlaub in his deposition testimony.

Defendant references *Am. Legal Found. v. F.C.C.*, 808 F.2d 84 (D.C. Cir. 1987) in support of its argument; however, in that case the D.C. Circuit found that "ALF has no members. In fact, the Foundation's corporate charter expressly prohibits it from having any." *Id.*, at 88. In finding that ALF lacked standing, the court noted that, "ALF's relationship to its 'supporters' bears none of the indicia of a traditional membership organization discussed in *Hunt*. With its broadly defined mission as a 'media watchdog,' ALF serves no discrete, stable group of persons with a definable set of common interests." *Id.*, at 90. This stands in sharp contrast to the facts here, as BAMP has a defined membership that encompasses named member entities and their respective individual subsidiary development names, which includes Walnut Capital, Pitt Blue Holdings, LP, Walnut Capital – McKee, LP, Laurel Development and Laurel Communities, LLC.

Accordingly, and as further set forth in Plaintiffs' Response in Opposition to Motion to Dismiss and the affidavits attached thereto, Plaintiffs have demonstrated that they have standing to bring the claims raised in the Amended Complaint, and that such claims are ripe for adjudication by the Court.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: November 15, 2024          By: */s/ Richard J. Cromer*
Richard J. Cromer, Esq.

PA ID No. 79214
rcromer@leechtishman.com

David V. Weicht, Esq.
PA ID No. 65191
dweicht@leechtishman.com

Daniel P. Yeomans, Esq.
PA ID No. 323449
dyeomans@leechtishman.com

525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within PLAINTIFFS' SURREPLY IN FURTHER SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was filed electronically November 15, 2024. Notice of this filing will be sent to all counsel of record via the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: November 15, 2024

By: */s/ Richard J. Cromer*
Richard J. Cromer, Esq.
PA ID No. 79214
rcromer@leechtishman.com

David V. Weicht, Esq.
PA ID No. 65191
dweicht@leechtishman.com

Daniel P. Yeomans, Esq.
PA ID No. 323449
dyeomans@leechtishman.com

525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600