IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 2:22-CV-00706-RJC ) |
| v. | ) ) |
| CITY OF PITTSBURGH | ) ) |
| Defendant. | ) ) |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant City of Pittsburgh ("the City"), by its undersigned counsel, submits these Proposed Findings of Fact and Conclusions Law for the disposition of Plaintiffs' Motion for Preliminary Injunction (ECF No. 120):

## PROPOSED FINDINGS OF FACT

1. On July 31, 2025, Plaintiffs filed a Motion for Preliminary Injunction. ECF No. 120.

2. On August 1, 2025, Plaintiffs filed their Memorandum of Law in Support of Motion for Temporary Restraining Order[1] and Preliminary Injunction. ECF No. 122.

3. Plaintiffs assert that Walnut Capital McKee, L.P. ("Walnut McKee") owns property in the City of Pittsburgh's Oakland neighborhood known as 262 McKee Place.

4. Plaintiffs assert that Walnut McKee is currently constructing an approximately $80 million real estate development on this property.

---

[1] Despite references to a TRO in the brief, the Motion for Preliminary Injunction and proposed order do not request a TRO, *see* ECF No. 120, the brief does not develop any argument related to a TRO, *see* ECF No. 122, and the notice, timing, and procedures followed by Plaintiffs do not align with a TRO. *See* Fed. R. Civ. P. 65(b). To any extent Plaintiffs intended to request a TRO, that request is denied for the same reasons stated herein.

5. Plaintiffs assert that the IZ-O, Inclusionary Housing Overlay District" section of the City's Zoning Code ("IZ-O") interferes with this project.

6. The Court makes no findings as to the truth or falsity of Plaintiffs' assertions restated in Paragraphs 3–5 above.

7. However, Walnut McKee has not shown that the IZ-O has caused or will imminently cause any harm to the project that could not be remedied through monetary damages.

## PROPOSED CONCLUSIONS OF LAW

8. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 609 (3d Cir. 2024) (same).

9. When evaluating a request for a preliminary injunction, the Court must first consider whether the party seeking preliminary injunctive relief has demonstrated (1) a likelihood of success on the merits and (2) that it will suffer irreparable harm absent such injunctive relief. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021).

10. Only if the moving party establishes both of these threshold factors does the Court go on to consider (3) whether granting preliminary injunctive relief will harm the nonmoving party or other interested persons; and (4) the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017).

11. The Court then determines, in its sound discretion, whether the balance of these factors weighs in favor of granting preliminary injunctive relief. *Reilly*, 858 F.3d at 178.

12. "The primary purpose of a preliminary injunction is not to take whatever steps are necessary to prevent irreparable harm, but to maintain the status quo until the Court is able to

determine the parties' rights." *Frazier v. Kuhn*, No. 24-1620, 2025 U.S. App. LEXIS 16851, at *3-4 (3d Cir. July 9, 2025) (citing *Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200 (3d Cir. 2024)).

13. As an initial matter, the emergency relief should be denied because it does not serve to maintain the *status quo* during the pendency of these proceedings. Under the *status quo*, the IZ-O is in effect and Walnut-McKee has agreed that its project will comply with the City's Zoning Code. The requested relief seeks to change that before this Court has had an opportunity to rule on the merits of Plaintiffs' claims.

14. Plaintiffs have not met their threshold burden to establish that they will suffer irreparable harm without a preliminary injunction.

15. The only potential harm that Walnut McKee may experience is an alleged decrease in revenue and property value once the project is completed. This harm is neither immediate nor irreparable.

16. This purely economic harm can be remedied through monetary damages, including if it is caused by a taking of real property. *See Knick v. Twp. of Scott*, 588 U.S. 180, 202 (2019); *Hynoski v. Columbia Cnty. Redev. Auth.*, 485 F. App'x 559, 563 (3d Cir. 2012); *Acierno v. New Castle County*, 40 F.3d 645, 654–55 (3d Cir. 1994); *Goadby v. Phila. Elec. Co.*, 639 F.2d 117, 121-23 (3d Cir. 1981); *Willow St. Props., LLC v. Borough of Wood-Ridge*, No. 2:22-CV-02009, 2022 U.S. Dist. LEXIS 117947, at *9 (D.N.J. July 5, 2022).

17. Because Plaintiffs have failed to satisfy the threshold requirement of irreparable harm, the Court denies the Motion for Preliminary Injunction on that basis alone, without making any other findings or holdings.

Respectfully Submitted,

By: */s/ Hillary M. Weaver*
Hillary M. Weaver
Pa. I.D. No. 322545
Hillary.Weaver@pittsburghpa.gov

*/s/ Krysia Kubiak*
Krysia Kubiak
Pa. I.D. No. 90619
Krysia.Kubiak@pittsburghpa.gov

CITY OF PITTSBURGH
DEPARTMENT OF LAW
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
412-255-2613 (phone)
412-255-2285 (fax)

*/s/ Chad I. Michaelson*
Chad I. Michaelson
Pa. I.D. No. 88725
cim@muslaw.com

*/s/ Joseph A. Carroll*
Joseph A. Carroll
Pa. I.D. No. 324373
jac@muslaw.com

MEYER, UNKOVIC & SCOTT LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA  15222-2315
(412) 456-2800 (phone)
(412) 456-2864 (fax)

*Attorneys for Defendant City of Pittsburgh*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** was filed electronically August 15, 2025. Notice of this filing will be sent to all counsel of record via the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

By: */s/ Chad I. Michaelson*
    Chad I. Michaelson
    *Attorney for Defendant City of Pittsburgh*