IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 2:22-CV-00706-RJC<br>) |
| v. | )<br>) |
| CITY OF PITTSBURGH, | )<br>) |
| Defendant. | |

## AFFIDAVIT OF COREY LAYMAN

1. My name is Corey Layman. I am employed by the City of Pittsburgh ("the City") as the Chief Zoning Officer and Zoning Administrator for the Department of City Planning.

2. I have been employed by the City as the Zoning Administrator since 2014.

3. As Zoning Administrator, I am responsible for overseeing the Department of City Planning's Division of Zoning and Development Review. In this capacity, I oversee the review of applications for property development within the City. This review includes a determination of what City Zoning Code provisions apply to any specific property, and whether there are any special exceptions, variances, or other relief from the City Zoning Code provisions available to an applicant.

4. On March 19, 2024, an application was submitted for the development of several parcels on McKee Place in Oakland (the "Project").

1

5. The applicant later submitted a request for a variance from the requirements of Section 912.04.E of the City Zoning Code, which regulates the maximum height of accessory structures.

6. The City's Zoning Board of Adjustment granted the requested variance on October 15, 2024.

7. Under the City's Zoning Code, the applicant had the ability to seek a variance from the inclusionary zoning requirements found at Sections 907.04 of the City Zoning Code (the "IZ Requirements").

8. The applicant did not seek a variance with respect to the Project's compliance with the IZ Requirements.

9. On May 20, 2025, Attorney Jonathan Kamin, on behalf of an entity named "Walnut Capital-McKee, L.P." sent an e-mail to the City regarding the Project. The e-mail included two attachments: an "IZ Commitment Letter" addressed to my attention and an accompanying "Restrictive Covenant Agreement." A true and correct copy of the May 20, 2025 e-mail, the IZ Commitment Letter, and the Restrictive Covenant Agreement are included as Exhibits "A," "B," and C" hereto.

10. The IZ Commitment Letter attached as Exhibit "B" hereto confirmed that the Project would comply with the IZ Requirements so long as they "continue to remain as valid, enforceable, and as the applicable law of the City of Pittsburgh."

11. On May 27, 2025, my office issued a Record of Zoning Approval confirming that the applicant had satisfied the requirements of the City's Zoning Code, which is a condition precedent to the issuance of a building permit by the City's Department of Permits, Licenses, and Inspections.

12. Upon information and belief, the City's Department of Permits, Licenses and Inspections subsequently issued a building permit authorizing the applicant to proceed with construction of the Project.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2025.

_____
Corey Layman

Sworn to and subscribed before me this

___14___ day of ___August___ 2025.

_____
Notary Public

> Commonwealth of Pennsylvania - Notary Seal
> Natalie Joy Mays, Notary Public
> Allegheny County
> My commission expires January 31, 2029
> Commission number 1274423
> Member, Pennsylvania Association of Notaries