UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILDERS ASSOCIATION OF METROPOLITAN PITTSBURGH and S. RAND WERRIN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PITTSBURGH,<br><br>Defendant. | Civil Action No. 2:22-cv-00706-RJC<br><br>Judge: Robert J. Colville |

**MEMORANDUM OF LAW IN SUPPORT OF THE OAKLAND PLANNING AND DEVELOPMENT CORPORATION, LAWRENCEVILLE UNITED, THE BLOOMFIELD DEVELOPMENT CORPORATION, THE POLISH HILL CIVIC ASSOCIATION, THE HILL DISTRICT CONSENSUS GROUP, AND THE FAIR HOUSING PARTNERSHIP OF GREATER PITTSBURGH'S <u>MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE*</u>**

Kevin Quisenberry (PA No. 90499)
Community Justice Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA 15222
(412) 434-6002
kquisenberry@cjplaw.org

Mary Minehan McKenzie* (PA No. 47434)
Meghan Binford* (PA No. 321212)
Olivia Mania** (PA No. 336161)
Public Interest Law Center
2 Penn Center 1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1319
mmckenzie@pubintlaw.org
mbinford@pubintlaw.org
omania@pubintlaw.org

Brook Hill** (D.C. Bar No. 1044120)
Kelechi Agbakwuru** (D.C. Bar No. 1619056)
Lawyers' Committee For Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8307
bhill@lawyerscommittee.org
kagbakwuru@lawyerscommittee.org

\* *Pro hac vice* pending
\*\**Pro hac vice* forthcoming

Attorneys for *Amici Curiae*

## I. INTRODUCTION

The Oakland Planning and Development Corporation, Lawrenceville United, the Bloomfield Development Corporation, the Polish Hill Civic Association, the Hill District Consensus Group, and the Fair Housing Partnership of Greater Pittsburgh (together, "Proposed *Amici*") collectively seek to participate in this action as *amici curiae* to assist the Court in assessing the consequences and merits of the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, filed before this Court on August 1, 2025. ECF No. 120.

## II. IDENTIFICATION OF PROPOSED *AMICI CURIAE*

Proposed *Amici* are six nonprofit community organizations focused on promoting affordable housing and inclusive communities in Pittsburgh. Proposed *Amici* are among the organizations that advocated for passage of the challenged Inclusionary Zoning Ordinance ("IZO") and represent members and communities who benefit from the inclusive mixed-income neighborhoods the IZO aims to foster. Moreover, five of the six *Amici*[1] initially tried to intervene in the case. At the time their motion for leave to intervene was denied, this Court stated that Plaintiff had "no objection to, and the Court would welcome, the putative Intervenors' ongoing input and involvement in this case, limited however, to the form of amicus curiae briefing where deemed warranted." ECF No. 54 at 27 n. 2.

## III. LEGAL STANDARD

Whether to accept an *amicus* brief is within the sound discretion of the district court. *Abu-*

---

[1] The Oakland Planning and Development Corporation was not one of the proposed intervenors but seeks leave to participate as *Amicus* now that the IZO has been expanded to the Oakland neighborhood and the project at issue in Plaintiffs' Motion for a Preliminary Injunction is in Oakland. *See* Mot. to Intervene, ECF No. 31; Pittsburgh City Council, B. No. 2022-0592, Version 3 (City of Pittsburgh, Pa. 2023), https://pittsburgh.legistar.com/LegislationDetail.aspx?ID=5721094&GUID=C8221A3D-8A77-4549-9021-01F02B96AA6E&Options=ID%7cText%7c&Search=2022-0592.

*Jamal v. Price*, No. CIV. A. 95-618, 1995 WL 722518, at *1 (W.D. Pa. Aug. 25, 1995). In considering whether to grant *amicus curiae* status, district courts have considered whether the petitioner has a special interest in the case; whether the petitioner's interest is not represented competently or at all in the case; and whether the proffered information is timely and useful and the petitioner is partial to a particular outcome in the case. *McVicker v. King*, No. 02: 09-CV-00436, 2009 WL 10674503, at *1 (W.D. Pa. Apr. 30, 2009) (citing *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)).

IV. **ARGUMENT**

Proposed *Amici* have both a unique viewpoint and a special interest in the outcome of the Motion before this Court, and they seek to offer useful information regarding the impact of the IZO on both developers and the residents of Pittsburgh, as well as a legal analysis of the merits of Plaintiffs' claims.

1. **Proposed *Amici* Have a Special and Unrepresented Interest in this Matter**

Proposed *Amici* have significant expertise and a special, unrepresented interest in the issues presented by Plaintiffs' challenge to the IZO in this case. *See* Proposed Brief of *Amici Curiae*, attached hereto as Exhibit A. Proposed *Amici* will help ensure the Court is fully informed of the relevant legal framework for and societal implications of Plaintiffs' Motion. In similar circumstances, district courts have granted *amicus* status. *See, e.g.*, *Liberty Res.*, 395 F. Supp. 2d at 209–210 (E.D. Pa. 2005) (granting *amicus* status for advocacy organization to assist court in understanding rights of third parties); *Waste Mgmt. of Pennsylvania, Inc., v. City of York*, 162 F.R.D. 34, 38 (M.D. Pa. 1995); *Abu-Jamal*, 1995 WL 722518, at *2. A "generalized interest," on the other hand, is insufficient to support *amicus* status. *See Panzer v. Verde Energy USA, Inc.*, NO. 19-3598, 2021 WL 2186422, at *1 (E.D. Pa. May 27, 2021) (denying *amicus* status to a public law

firm whose interest in a motion for class certification was simply its "expertise in arbitration and class actions" generally).

Here, Proposed *Amici* have a clear special interest in the case as community groups whose missions are to create diverse, inclusive, and affordable neighborhoods. In pursuit of that goal, Proposed *Amici* have been intimately involved in the passage of the IZO and have remained active in its administration. Proposed *Amici* help both developers and Pittsburgh residents navigate the provisions of the IZO to, respectively, provide and obtain affordable housing. This is the precise "record of robust advocacy" that courts have determined supports a grant of *amicus* status. *See, e.g.*, *Kyocera Document Sols. Am., Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 542 n.16 (D.N.J. 2023). Further, *Proposed Amici* have closely observed, and thus are knowledgeable about, the impact of the IZO on developers and residents in impacted neighborhoods. Plaintiffs' effort to enjoin implementation of the IZO is counter to *Amici's* organizational missions to support inclusive neighborhoods and affordable housing throughout the City of Pittsburgh.

In addition, and because of their work with developers and community members, Proposed *Amici* can offer the court a unique perspective as organizations whose work is directly impacted by the IZO. The City of Pittsburgh, on the other hand, is tasked with enforcing the IZO and will largely represent the perspective of a government body asserting their police power to regulate housing.

**2. Proposed *Amici*'s Participation is Timely and will be Useful to this Court**

Proposed *Amici* seek to participate in a timely manner, and the content of their Proposed Brief is useful to this Court. The Third Circuit has noted that it may be "advisable" to allow an *amicus* brief where *amici* can enhance the Court's understanding of the issue at hand and the possible consequences of an action. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)

(affirming district court's decision to hear from third party on the terms of a consent decree as "entirely appropriate").

Here, Proposed *Amici* are experts on the implementation of the IZO and its effects on developers, residents, and impacted neighborhoods at large. Several Proposed *Amici* have supported developers with compliance with the IZO, and others work to connect Pittsburgh residents in need of affordable housing with IZO units as they become available. As a result of proposed *Amici*'s experience, they can present to this Court a comprehensive view of the case. Additionally, they can highlight the applicable legal frameworks that might not otherwise be presented as Defendants focus on other facets of the case, including the City's right to self-governance.

### 3. Proposed *Amici* Present a Fair and Responsible Argument

*Amici* are not partial in their presentation of the facts and law applicable to the matter at hand. Where their brief seeks to "highlight the . . . issues for the court and present a framework for analysis," as opposed to disputing the facts as presented by Plaintiff, *amici* have been allowed to participate. *Abu-Jamal*, 1995 WL 722518, at *2. That is what Proposed *Amici* seek to accomplish here: presenting the Court with a broad view of the facts relevant to the case and how they should be analyzed under the law.

An *amicus* brief is not required to be entirely impartial, as *amici* must have an interest in the case. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). "[T]here is no rule . . . that amici must be totally disinterested." *Waste Mgmt.*, 162 F.R.D. at 36 (citing *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp 1410, 1413 (W.D.N.Y. 1993)). In fact, courts have recognized that, "by the nature of things an *amicus* is not normally impartial." *Id*. (citing *United States v. Gotti*, 755 F.Supp. 1157 (E.D.N.Y.

1991)). In fact, "strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs.*, 293 F.3d at 131.

Proposed *Amici* are sufficiently impartial. They do not have a pecuniary interest in this case. While they desire a specific outcome, *Amici* make a "strong" and "responsible" presentation in their brief. Proposed *Amici* take no position on whether the facts, as alleged by Plaintiffs, are true, they simply use their expertise to draw the Court's attention to the correct legal analysis through which to view the facts and give a broader view of how these facts impact the public interest.

## V. CONCLUSION

This Court previously noted that it would welcome proposed *Amici*'s participation in this case in the form of an *amicus* brief. *See* Memorandum Order at 27 n. 2, ECF No. 54. Plaintiffs, too, consented to the filing of an *amicus* brief in their Brief in Opposition to Intervention, ECF No. 36 at 2 n. 1, though when contacted to confer about *Amici* status in the filing at hand, Plaintiffs did not respond prior to the deadline for filing *Amici*'s motion. Defendant consents to the granting of this motion.

Proposed *Amici Curiae* respectfully request that this Court grant their motion, grant them *amici* status, and docket their Proposed Brief.

Dated: August 15, 2025                     Respectfully submitted,

By: */s/ Meghan Binford*
Mary Minehan McKenzie* (PA No. 47434)
Meghan Binford* (PA No. 321212)
Olivia Mania** (PA No. 336161)
Public Interest Law Center
2 Penn Center 1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1319
mmckenzie@pubintlaw.org
mbinford@pubintlaw.org
omania@pubintlaw.org

Kevin Quisenberry (PA No. 90499)
Community Justice Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA 15222
(412) 434-6002
kquisenberry@cjplaw.org

Brook Hill** (D.C. Bar No. 1044120)
Kelechi Agbakwuru** (D. C. Bar No. 1619056)
Lawyers' Committee For Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8307
bhill@lawyerscommittee.org
kagbakwuru@lawyerscommittee.org

* *Pro hac vice* pending
** *Pro hac* forthcoming.
Attorneys for *Amici Curiae*